19-3403-cr
United States of America v. Kevin R. Palmer

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 13th day of October, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             WILLIAM J. NARDINI,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

          v.                                                          19-3403-cr

KEVIN R. PALMER,

                  *Defendant-Appellant*.

_____

Appearing for Appellant:     Molly K. Corbett, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Syracuse, NY.


Appearing for Appellee:     Rajit S. Dosanjh, Assistant United States Attorney (Michael S. Barnett, Assistant United States Attorney, *on the brief*), *for*

Antoinette T. Bacon, Acting United States Attorney for the
Northern District of New York, Syracuse, NY.

Appeal from a judgement of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Defendant-Appellant Kevin R. Palmer appeals from the judgment of conviction entered October 11, 2019 in the United States District Court for the Northern District of New York (D'Agostino, *J.*), regarding his conviction and sentence pursuant to a plea of guilty. Palmer was convicted of one count of conspiracy to commit mail fraud and twelve counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 1349. Palmer received a sentence of 46 months imprisonment on each count to run concurrently followed by a 2-year term of supervised released. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We conclude that the district court did not err in imposing the vulnerable victim enhancement to Palmer's sentencing guidelines calculation. The United States Sentencing Guidelines ("U.S.S.G.") Section 3A1.1(b)(1) provides that a defendant's offense level should be increased by two points if he "knew or should have known that a victim of the offense" was "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1(b)(1), cmt. 2. The Second Circuit has held that "Section 3A1.1(b) does not require that the defendant select the victim because of his or her vulnerability—it is sufficient that he knew or should have known of this quality when deciding to go ahead with the crime." *United States v. McCall*, 174 F.3d 47, 50 (2d Cir. 1998). A district court's findings of fact during sentencing are reviewed for clear error, and this Court will accord deference to the district court's applications of the guidelines to the facts. *United States v. Dupre*, 462 F.3d 131, 144 (2d Cir. 2006). If a defendant fails to raise a guidelines error below, the claim is reviewed for plain error. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016).

Palmer challenges the district court's finding on two bases: (1) the victims were not "unusually vulnerable"; and (2) even if the victims were unusually vulnerable, he did not know and should not have known. We disagree. First, Palmer waived his challenge to the district court's finding that the victims were vulnerable. At sentencing, Palmer's counsel explicitly stated "our objection on this is not to say that the victims were or were not vulnerable. I don't dispute that conclusion." App'x at 93. The Government argues that this was a tactical choice to emphasize Palmer's remorse and minimal role in the scheme rather than challenge the victims' vulnerability. We agree with this assessment. Palmer emphasized throughout his regret and remorse for the victims and made no challenge to the Court's assessment of their situation. We hold Palmer to his tactical choice and declines to review this aspect of his challenge. *See United States v. Coonan*, 938 F.2d 1553, 1561 (2d Cir. 1991) ("Viewed from this perspective, it is fairly obvious that on this appeal [Defendant-Appellant] is attempting to evade the consequences of an

2

unsuccessful tactical decision. Under these circumstances, we have no difficulty concluding that [Defendant-Appellant] has waived appellate review of this . . . claim.").

Even if we were to examine the district court's assessment, we would conclude that the district court did not plainly err in finding that the victims were unusually vulnerable. This Court has held that similar elderly victims of similar schemes were unusually vulnerable. "Although being elderly is alone insufficient to render an individual 'unusually vulnerable' within the meaning of 3A1.1(b), courts frequently have found elderly individuals to be unusually vulnerable to telemarketing fraud schemes very similar to the one involved here[.]" *United States v. O'Neil*, 118 F.3d 65, 75 (2d Cir. 1997) (internal citation omitted). In *O'Neil*, the Court upheld a vulnerable victim enhancement where the defendant convinced elderly victims that they were winners of a prize of up to $35,000 and needed to send a specified amount to the company to receive the award, usually between $1,500 and $5,000. *Id.* at 68-69. Here, Palmer and his co-conspirators perpetrators convinced the elderly victims that they won a prize of $22,000,000 and needed to send over $300,000 to receive the award.

Second, the district court did not clearly err in finding that Palmer knew or should have known that the victims were vulnerable. *See Charles v. Orange County.*, 925 F.3d 73, 87 (2d Cir. 2019) (describing whether respondent "knew or should have known of the substantial risk of harm" as a "question of fact"). The district court found that Palmer and his co-conspirators' repeated solicitations of the victims constituted "reloading." *See O'Neil*, 118 F.3d at 75-76 (explaining that the reloading process involved "individuals who already had been victimized by the scheme" being "contacted up to two more times and defrauded into sending more money"). Palmer argues that reloading refers only to the recontacting of prior victims with a new scheme, not a victim repeatedly being recontacted for more money as part of the initial scheme. While this Court has said that "a criminal successfully asking a fraud victim for additional money does not itself demonstrate that the victim is especially vulnerable," *Dupre*, 462 F.3d at 146, that decision acknowledged that "the repeated targeting of certain victims . . . helped to justify the vulnerable victims enhancement in *O'Neil*," *id.* Here, the perpetrators of the scheme repeatedly reached out to the victim with new demands for fees. After the victims began by sending $3,500, they repeatedly sent additional amounts for larger fees. As Palmer received larger and larger checks from the victims, it was apparent that the victims were subject to reloading. The district court did not clearly err in finding that based on the reloading, Palmer knew or should have known that the victims were unusually vulnerable.

The district court appropriately assessed the mailings that the victims received as part of this scheme. The district court correctly noted the preposterous subject matter of the mailings, which stated that the victim won a $22 million prize "sponsored by International Gaming Commission" to be released after large payments to the U.S. Treasury Department. App'x at 115. The district court also determined that it revealed vulnerability to believe the Treasury Department would handle an international lottery prize and demand money for release of the winnings. The mailing contained numerous typographical errors as well. While there was some attempt to legitimize the letters through logos and images, the district court appropriately examined the mailings and noted numerous errors, inconsistencies, and the overall absurdity of the Treasury Department and the Internal Revenue Service demanding substantial fees and taxes for a massive lottery payout. Belief in these mailings shows unusual vulnerability. While Palmer

3

disclaims knowledge of the substance of the mailings, a search of Palmer's email revealed an image of a fraudulent check from Bank of America for $22.6 million, similar to the one sent to the victims. The district court did not clearly err in finding that Palmer knew or should have known that only vulnerable victims would fall prey to this scheme.

Finally, Palmer's prior conviction for similar conduct should have put him on notice regarding the vulnerability of potential victims. Palmer argues that the district court improperly relied on this conviction, as the schemes and victims were different. However, the district court did not err in relying on the prior conviction to find that Palmer knew how these schemes worked and how they relied on the vulnerabilities of victims. Since Palmer's argument rested on a purported lack of knowledge as to the extent of the scheme, the district court was right to examine whether his prior conviction for a similar offense rebutted this claim and demonstrated his knowledge of how such schemes work. *United States v. Santiago*, 528 F.2d 1130, 1134 (2d Cir. 1976) ("It has long been the law of this Circuit that similar acts may be proved in order to show guilty knowledge."). For all these reasons, the district court did not err in finding that the vulnerable victim enhancement applied in calculating Palmer's guidelines range.

We have considered the remainder of Palmer's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4